# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of<br>the Personal Restraint of<br><br><br>CHRISTOPHER LEE COBB,<br><br><br>Petitioner. | No. 54340-1-II<br><br><br>UNPUBLISHED OPINION |

MAXA, J.—Christopher Cobb seeks relief from personal restraint imposed as a result of his 2016 conviction for two counts of unlawful possession of a controlled substance with intent to deliver and one count of first degree unlawful possession of a firearm.[1] We deny Cobb's petition.

First, Cobb argues that the affidavit in support of the search warrant for a Dodge Charger relating to his convictions did not meet the *Aguilar-Spinelli*[2] test of establishing both the credibility of a confidential informant (C/I) and the C/I's basis of knowledge. *State v. Jackson*, 102 Wn.2d 432, 437, 688 P.2d 136 (1984). He asserts that the only

---

[1] We issued the mandate of Cobb's direct appeal on November 27, 2018, making his November 20, 2019 petition timely filed. RCW 10.73.090(1) and (3)(b).

[2] *Aguilar v. Texas*, 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964), and *Spinelli v. United States*, 393 U.S. 410, 89 S. Ct. 584, 21 L. Ed. 2d 637 (1969).

statement by the affiant, Deputy Kory Shaffer, in support of the warrant for the Charger

was: "A confidential reliable informant agreed to work with the Pierce County Sheriff's

Department. In order to establish his/her credibility, the C/I made a 'reliability' buy of

narcotics." Petition, Exhibit B at 4.

But Cobb fails to mention that the affiant provided detailed information regarding

the "reliability buy" and regarding the use of the same C/I for a prior search warrant for

Cobb's Impala:

> After becoming a reliable confidential informant, the C/I has provided information that has led to several Superior Court search warrants. These warrants have resulted in numerous arrests, the recovery of narcotics and firearms. These cases were filed and charged resulting in convictions.
> . . . .
>
> Over the course of this investigation, with the C/I under the control of the Pierce County Sheriff's Department Special Investigations Unit, we have made numerous controlled buys of methamphetamine from Christopher Cobb. The C/I had been searched before and after the buys. No money or narcotics were located. These controlled buys involved Christopher Cobb driving a 2016 Chevy Impala, bearing Washington license AXD-7310, registered to EAN Holdings LLC. The C/I told me Christopher Cobb carries his narcotics in a brown back pack.
> . . . .
>
> Within a few minutes of the C/I arriving I observed a black Chevy Impala, bearing Washington license AXD-7310, arrive and park. The vehicle was occupied by one black male and I was able to see it was Christopher Cobb. Within a few minutes the C/I got out of the vehicle. The Chevy Impala then left the parking lot.
>
> While under constant surveillance I contacted the C/I. The C/I turned over the suspected methamphetamine. The C/I was searched. No money or narcotics were located. The C/I told me he/she handed Christopher the money and Christopher retrieved the methamphetamine from the brown back pack and then handed him/her the methamphetamine.

Petition, Exhibit B at 4-7.

2

This evidence is sufficient to establish both the confidential informant's reliability and his basis for knowledge.

Second, Cobb argues that the trial court violated his right to confrontation by allowing Deputy Shaffer to testify about the C/I's statements without the court revealing the identity of the C/I, so he could cross-examine the informant. But Deputy Shaffer did not testify about any statements the C/I made to her before or after the controlled buy. At most, Deputy Shaffer testified that in controlled buys by confidential informants, the confidential informant has made contact with a suspect who agreed to sell narcotics to the informant. While that testimony could imply that the C/I here stated to Deputy Shaffer that he/she had arranged the transaction with Cobb, it is not an out-of-court testimonial statement that would trigger Cobb's right of confrontation.

And even if the statement did violate Cobb's right of confrontation, he did not object to the statement at trial. The unchallenged admission of the statement is not manifest constitutional error that can be raised for the first time on appeal. *See State v. Grott*, 195 Wn.2d 256, 269, 458 P.3d 750 (2020).

Cobb's reliance on *State v. Kinzle*, 181 Wn. App. 774, 326 P.3d 870 (2014) is misplaced. In that case, the State avoided asking a witness about alleged molestation, or about prior statements the witness had made, thereby leaving the defendant no testimony to confront, and so violated the defendant's right of confrontation. *Id.* at 780-84. Here, the State did not avoid asking Deputy Shaffer about the C/I's statements about the controlled buy. Cobb seems to suggest that the State was required to identify the C/I and make him/her available for cross-examination. But he does not demonstrate any such requirement to preserve his right of confrontation.

3

Cobb does not show any grounds for relief from personal restraint. We therefore deny his petition and his request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

SUTTON, A.C.J.

GLASGOW, J.